UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| STEPHANIE BOND, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 11-CV-2059 |
| ) | |
| DAN WALSH, Champaign County Sheriff, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION

There are four pending motions in this case which, because the case is also before the Seventh Circuit Court of Appeals, raise somewhat complicated issues regarding this court's jurisdiction. After careful consideration, this court concludes that it lacks jurisdiction over both Motions for Reconsideration (#66, #78). The Motions (#66, #78) are therefore DISMISSED for lack of jurisdiction. In addition, Plaintiff's Motion for Leave to File Second Amended Complaint (#70) is DISMISSED without prejudice and Defendants' Motion to Stay Proceedings (#66) is GRANTED.

## BACKGROUND

On February 25, 2011, Plaintiff, Stephanie Bond,[1] filed her Complaint (#1) against Champaign County Sheriff Dan Walsh, David Coffey, Richard Ferriman, Mark Goodwin, Seth Herrig, Dustin Heuerman, Allen Jones, Nick Neeves, Richard Quick, Carey Schalber,

---

[1] The Complaint (#1) also named G.O.II, J.O, H.O, and K.O. as minor Plaintiffs, through their Mother and Next Friend, Stephanie Bond. On July 22, 2011, Magistrate Judge David G. Bernthal granted Plaintiff's Motion (#38) and allowed the minor Plaintiffs to voluntarily withdraw from the Complaint and dismissed Counts V and VI of the Complaint without prejudice. The minor Plaintiffs were therefore terminated from this case.

Eric Shumate, Jeff Vercler, Robert Weston, Richard Coleman, Keith Cunningham, Kris Bolt, State of Illinois, Illinois State Police, Michael Atkinson, Kim Cessna, Robert Kotcher, James Morrissey, and Troy Phillips. On April 26, 2011, a Motion to Dismiss (#30) and Memorandum in Support (#31) were filed by Defendants Atkinson, Cessna, Kotcher, Morrissey and Phillips (Individual State Defendants), as well as the State of Illinois and Illinois State Police. On May 25, 2011, Defendants Walsh, Coffey, Ferriman, Goodwin, Herrig, Heuerman, Jones, Neeves, Quick, Schalber, Shumate, Vercler, Weston, Coleman, Cunningham, and Bolt (County Defendants) filed a Motion to Dismiss (#35) and a Memorandum in Support (#36).

August 18, 2011, Magistrate Judge David G. Bernthal filed a Report and Recommendation (#47). Judge Bernthal recommended that the Motion to Dismiss (#30) filed by the Individual State Defendants, the State of Illinois and the Illinois State Police be granted in part and denied in part. Judge Bernthal noted that Defendants argued that the claims made against the State of Illinois and Illinois State Police should be dismissed as a result of the Eleventh Amendment's bar on a suit against a state without the state's consent. Plaintiff conceded this point and asked leave to re plead Count I against only the Champaign County Sheriff. Judge Bernthal recommended that Plaintiff be allowed to do this. Judge Bernthal also recommended that the Individual State Defendants' request to dismiss Count II of the Complaint be denied, finding that Plaintiff's claim was sufficiently plausible and that Defendants were not entitled to qualified immunity at this stage of the proceedings. On August 26, 2011, the Individual State Defendants filed an Objection (#49) to the Report and

Recommendation.

On September 6, 2011, this court entered an Order (#50) which accepted Judge Bernthal's Report and Recommendation (#47). This court granted Defendants' Motion to Dismiss with respect to Count I and Plaintiff was allowed fourteen days to file an amended complaint naming only the Champaign County Sheriff. Defendants' Motion was denied with respect to Count II.

On September 9, 2011, Plaintiff filed a First Amended Complaint (#53). Plaintiff named only the Champaign County Sheriff as a defendant in Count I and omitted the State of Illinois and the Illinois State Police as Defendants. The State of Illinois and the Illinois State Police were therefore terminated as parties in this case. In addition, Plaintiff omitted a request for punitive damages in Count I and, consistent with Judge Bernthal's July 22, 2011, text order, omitted allegations related to claims by the minor Plaintiffs and omitted Counts V and VI from her First Amended Complaint (#53).

On September 8, 2011, one day before Plaintiff filed her First Amended Complaint, Judge Bernthal entered a second Report and Recommendation (#52). Judge Bernthal recommended that the Motion to Dismiss (#35) filed by the County Defendants be denied. Judge Bernthal noted that the request that Counts V and VI be dismissed was moot because the court had already dismissed those counts without prejudice.

On September 22, 2011, the Individual State Defendants filed an Answer to the First Amended Complaint (#55). On October 6, 2011, the Individual State Defendants filed a Notice of Appeal (#56). The Individual State Defendants stated that they were appealing

from this court's Order (#50) "which accepted the part of the report and recommendation" which recommended "denying the motion to dismiss filed by the Individual State Defendants based on the Eleventh Amendment to the United States Constitution and qualified immunity."

On October 7, 2011, the County Defendants filed a Motion to Stay Discovery Pending the Resolution of Defendants' Motion to Dismiss Based on Qualified Immunity (#59). The County Defendants also filed their Objections to Report and Recommendation (#60). On October 11, 2011, the Individual State Defendants filed a Motion to Stay Discovery (#61) and asked that discovery be stayed pending resolution of the Eleventh Amendment immunity issue pending in the Seventh Circuit.

On October 13, 2011, this court entered an Order (#63) and accepted Judge Bernthal's second Report and Recommendation (#52). This court noted that Plaintiff had filed a First Amended Complaint (#53) on September 9, 2011. This court stated that it had conducted a careful and thorough de novo review of Judge Bernthal's reasoning and Defendants' Objections and agreed with and accepted Judge Bernthal's well-reasoned Report and Recommendation. This court therefore denied the Motion to Dismiss (#35) filed by the County Defendants. This court further stated that the request to dismiss Counts V and VI was moot and the recommendation that Plaintiff's claim for punitive damages in Count I be stricken was also moot. This court pointed out that Plaintiff did not include a request for punitive damages in Count I of her First Amended Complaint so there was no need to strike the punitive damages claim.

This court now clarifies that it properly ruled on the County Defendants' Motion to Dismiss even though Plaintiff filed her First Amended Complaint prior to this court's ruling. This court recognizes that Rule 7.1(E) of the Local Rules of the Central District of Illinois provides that "[w]henever an amended pleading is filed, any motion attacking the original pleading will be deemed moot unless specifically revived by the moving party within 14 days after the amended pleading is served." In this case, however, Plaintiff was given leave to amend the complaint to rectify several easily corrected problems with the complaint. Almost all of the allegations in the First Amended Complaint were the same as the allegations in the original Complaint. The First Amended Complaint did not make any substantive changes in any of the allegations at issue in the County Defendants' Motion to Dismiss, except for the noted exceptions where the First Amended Complaint omitted claims which were challenged in the Motion to Dismiss, making those arguments moot.

On October 19, 2011, Plaintiff filed her Response to the County Defendants' Motion to Stay Discovery (#64). On October 20, 2011, Judge Bernthal entered two text orders and granted both of the Motions to Stay Discovery (#59, #61). On October 28, 2011, the County Defendants filed a Motion to Stay Proceedings (#66). They noted that discovery had already been stayed in this case and asked this court to stay all proceedings, including their "need to answer Plaintiff['s] First Amended Complaint, pending the resolution of Defendants' anticipated Rule 59(e) motion and/or appeal, and resolution of the [Individual State Defendants] appeal to the Seventh Circuit."

On November 10, 2011, the County Defendants filed a Motion for Reconsideration

(#68). The County Defendants asked this court to reconsider its Order (#63) which denied their Motion to Dismiss, citing a recent decision of the Seventh Circuit, McCauley v. City of Chicago, ___ F.3d ___, 2011 WL 4975644 (7th Cir. 2011), in which the court affirmed the dismissal of an action for failure to state a claim. The County Defendants attached a copy of the second amended complaint filed in the McCauley case and argued that it was strikingly similar to the complaint filed by Plaintiff in this case. The County Defendants stated that the Motion was brought pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, arguing that motions to reconsider are governed by Rule 54(b) when such motions are filed after an interlocutory order and before the entry of final judgment. On November 11, 2011, the County Defendants filed a Notice of Appeal (#69) and stated that they were appealing this court's Order (#63) which adopted the Report and Recommendation which recommended denying Defendants' Motion to Dismiss on the basis of the doctrine of qualified immunity.

Also on November 11, 2011, Plaintiff filed a Motion for Leave to File Second Amended Complaint (#70). Plaintiff asked for leave to file her attached Second Amended Complaint which she stated "adds Count V alleging that Defendants took affirmative acts in violation of the Fourteenth Amendment by which they made a state created danger which shocks the conscience and caused injury." On November 14, 2011, Plaintiff filed her Response to the County Defendants' Motion to Stay Proceedings (#73). Plaintiff argued, among other things, that the Motion to Stay was "frivolous and nonsensical because it refers to both an anticipated Rule 59(e) Motion and Notice of Appeal and these two pleadings are mutually exclusive." Plaintiff acknowledged, however, that she saw "the value of a stay at

this juncture while matters are resolved that will make it clear how best to proceed with this case."

On November 15, 2011, the County Defendants filed an Objection to Plaintiff's Motion for Leave to File Second Amended Complaint (#76) and a Brief in Support (#77). The County Defendants argued that the issue of qualified immunity is currently pending before the Seventh Circuit and that, pursuant to May v. Sheahan, 226 F.3d 876, 881 (7th Cir. 2000), the Defendants' appeals on the qualified immunity issue "deprives a district court of jurisdiction to accept an amended complaint filed while the appeal is pending."

On November 23, 2011, the Individual State Defendants filed a Motion for Reconsideration (#78). They stated that they joined in the County Defendants' Motion to Reconsider and asked this court to reconsider their motions to dismiss based upon this court's "inherent power to reconsider interlocutory orders." The Individual State Defendants stated that they sought reconsideration of this court's Order (#50) denying their motion to dismiss the complaint in light of the Seventh Circuit's decision in McCauley. The Individual State Defendants mentioned their pending appeal before the Seventh Circuit Court of Appeals, but did not discuss the effect of the pending appeal on their request for reconsideration by this court.

On December 1, 2011, Plaintiff filed a Response to the County Defendants' Motion for Reconsideration (#79). Plaintiff noted that the County Defendants had filed both a Notice of Appeal and a Motion for Reconsideration "rais[ing] problematic jurisdictional issues for this Court." Plaintiff also noted the contradictory positions the County Defendants have

taken in this court: they want this court to reconsider its Order denying the motion to dismiss, but also want this court to stay the proceedings and objected to Plaintiff's request to file her Second Amended Complaint because the case is pending on appeal.[2] This court agrees with Plaintiff that the County Defendants, and the Individual State Defendants as well, have complicated this case unnecessarily.

## ANALYSIS

### MOTIONS FOR RECONSIDERATION

The Seventh Circuit has stated:

> [A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

Kusay v. United States, 62 F.3d 192, 193 (7th Cir. 1995), quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). "Under this rule, the district court retains jurisdiction to act only if the order being appealed or the proceeding before the district court is a discrete matter ancillary to the issues under consideration in the other court." May, 226 F.3d at 879, citing Kusay, 62 F.3d at 193-94.

---

[2] Plaintiff also argued, persuasively, that McCauley does not control this case and cannot support reconsideration.

In this case, this court's Orders (#50, #63) ruling on the Motions to Dismiss have been appealed and are pending before the Seventh Circuit in Case No. 11-3275 and Case No. 11-3559. The Seventh Circuit has consolidated the appeals and set a briefing schedule. Defendants' briefs are due December 27, 2011, Plaintiff's brief is due January 26, 2012, and any reply briefs are due February 9, 2012.

This court therefore lacks jurisdiction over "those aspects of the case involved in the appeal." Kusay, 62 F.3d at 193. Defendants' Motions for Reconsideration are challenging the same Orders (#50, #63) that have been appealed. This court therefore concludes that the issues raised in the Motions for Reconsideration are squarely before the Seventh Circuit and this court lacks jurisdiction to rule on the Motions. This court recognizes that the Seventh Circuit has held that district courts possess limited authority to deny Rule 60(b) motions during the pendency of an appeal. See Ameritech Corp. v. Int'l Bhd. of Elec. Workers, Local 21, 543 F.3d 414, 418-19 (7th Cir. 2008); see also Carr v. Tillery, 2010 WL 4781148, at *2 (S.D. Ill. 2010). However, the Motions for Reconsideration before this court were not brought pursuant to Rule 60(b) and this limited exception does not apply here.

Because this court does not have jurisdiction to rule on the Motions for Reconsideration (#68, #78), the Motions are DISMISSED for lack of jurisdiction. See Walton v. Walker, 2009 WL 2179660, at *1 (S.D. Ill. 2009).

MOTION TO FILE SECOND AMENDED COMPLAINT

This court also concludes that it does not have jurisdiction to allow Plaintiff to file her

9

Second Amended Complaint during the pendency of the appeal before the Seventh Circuit.[3] This court agrees with the County Defendants that the Seventh Circuit's decision in May is dispositive of this issue. In May, the district court denied the defendant's motion to dismiss and the defendant filed an interlocutory appeal challenging the district court's rejection of his qualified immunity defense, based on Mitchell v. Forsyth, 472 U.S. 511, 524-30 (1985). May, 226 F.3d at 878-79. While the case was pending on appeal, the district court allowed the plaintiff to file two amended complaints. May, 226 F.3d at 879. The Seventh Circuit concluded that the order allowing the plaintiff to file an amended complaint that superseded the complaint at issue on appeal "plainly implicates 'an aspect of the case involved in the appeal' and had "an obvious effect on a pending *Forsyth* appeal." May, 226 F.3d at 880. The court therefore concluded that "a *Forsyth* appeal deprives a district court of jurisdiction to accept an amended complaint filed while the appeal is pending." May, 226 F.3d at 881. The court explained:

> depriving the district court of jurisdiction to accept an amended complaint during a *Forsyth* appeal will not forever prevent a plaintiff from amending his or her complaint, but it will give the court of appeals the opportunity to both pass on many of the allegations the plaintiff will likely end up relying on and offer guidance to the district court (and the parties) on the legal issues

---

[3] This court notes that Plaintiff's First Amended Complaint (#53) was filed before the Notices of Appeal (#56, #69) were filed in this case.

involved in the case.

May, 226 F.3d at 880.

Based upon May, this court concludes that it does not have jurisdiction to allow Plaintiff to file her Second Amended Complaint. Accordingly, the Motion for Leave to File Second Amended Complaint (#70) is DISMISSED, without prejudice.

## MOTION TO STAY PROCEEDINGS

The court in May noted that "a district court might find it best to stay an entire case pending the resolution of a *Forsyth* appeal." May, 226 F.3d at 880 n.2. This court concludes that the best course of action in this case is to grant the County Defendants' Motion to Stay Proceedings (#66) pending the resolution of the appeal which raises Eleventh Amendment and qualified immunity issues. See May, 226 F.3d at 880-81.

IT IS THEREFORE ORDERED THAT:

(1) This court clarifies that it properly entered an Order (#63) ruling on the County Defendants' Motion to Dismiss even though Plaintiff filed her First Amended Complaint prior to this court's ruling. The First Amended Complaint did not make any substantive changes in the allegations which were at issue in this court's ruling on the County Defendant's Motion to Dismiss.

(2) The Motions for Reconsideration (#68, #78) are DISMISSED for lack of jurisdiction.

(3) Plaintiff's Motion for Leave to File Second Amended Complaint (#70) is DISMISSED without prejudice.

(4) The Motion to Stay Proceedings (#66) filed by the County Defendants is GRANTED. Proceedings in this case are stayed pending resolution of the consolidated appeals before the Seventh Circuit Court of Appeals.

ENTERED this 12th day of December day of December, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE